This is the next case called For All Arguments, People v. Nitz. Counsel? May it please the Court. Counsel, my name is Charles Sheedle. I'm with the Office of the State of Health Defender. And I'm representing the petitioner appellant, Richard Nitz, in this appeal. This is an appeal from the circuit court's denial of the petitioner's motion for leave to file a second petition for post-conviction relief. And the reason that he sought that filing is because under the unique procedural history of this case, that is the only vehicle that's available to get a ruling on the merits of a claim of juror predisposition and bias, which the Illinois Supreme Court held in the last ruling in the case of appeal had been defaulted by trial counsel. The claim arose from a letter that a juror, actually the foreman of the jury, had sent to the trial judge after the sentence was imposed on Mr. Nitz. And the juror, who was actually a brother of a person who was among the people who discovered the body of the victim in this case back in 1988, the juror stated in his letter to the judge that he thought that Mr. Nitz had been dangerous 10 years ago, that is, at the time of the crime. And the issue in terms of whether this letter indicated a bias or predisposition which wasn't disclosed before here was available to trial counsel who had been given a copy of the letter at the time of post-trial motions in 1990. This was a retrial in the case of First Strike in 1980. But as the Supreme Court found, trial counsel did not present that letter to the judge, did not make any arguments on the letter, did not seek a hearing on whether the juror, in fact, had not been forthcoming during voir dire and, in fact, had a predisposition bias against the defendant. Now, the issue was raised on the direct appeal from this conviction. And this court, in fact, reached a meritus back in 2001 and made a finding that the juror's letter did not indicate a bias, just a restatement or a parenting of what the trial judge had said when he was sent. So the issue was before the Supreme Court eventually in 2006. And they held that the issue had been default. So it's our contention that this court's ruling is no longer of any effect or any validity in terms of a determination on the merits. So that the only way Mr. Nitz can get a ruling on the merits of this claim is through a second petition for post-conviction. Now, the state's response is two parts. And the first part, I think, is based on a misreading of the record. Their argument is that the parties, the trial defense counsel, prosecutor, were not aware of this letter because it was sent to a different judge from Judge Speroni, who had presided at the trial. But the record, I believe, makes it clear, and the Supreme Court certainly found that it was clear, that the letter was made known to trial counsel. And that was the basis for their holding that this issue had been default. So your argument would be that the Supreme Court's decision determining the issue was defaulted supersedes or eliminates, or however you want to say it, the Fifth District's order on the merits of the issue. Yes, indeed. That's our argument. So it's as if it never existed. Yes, I think legally that's the status of it. And so I think that the fact that there was the prior appeal, and the reason that the second petition would have to be filed is that in the initial petition, the issue was raised back in, I think, 2002. But the circuit court, understandably, by that time, this court had made its ruling. And the circuit court said, well, this matter is raised due to Kyle, the appellate court had spoken on it, which at the time was true. So the first post-conviction was, did not have, I mean, there was an impediment because of the prior rulings to the first post-conviction being considered on the merits. And it wasn't. It was dismissed as restoration due to Kyle. So it's my argument that that set of circumstances meets the cause prong of our statutory requirement for a second post-conviction that has to be assured of causing prejudice. And causes defined as an external impediment that kept the claim from being presented. And I would submit that the procedural history here was that kind of an impediment. With regard to the prejudice, I believe that while this court's interpretation of what the letter meant, I think that's certainly a possible, it's a plausible interpretation. But it can't be any more than speculation, given the fact that there is nothing in the record other than the Barderell juror, who obviously had heard about this case because his brother had discovered the body of the victim. And he did acknowledge that he had had conversations with his brother about that. And he said, well, but I didn't think anything of it. And the defense was troubled enough by this that they moved to strike him for cause, and that was denied. So when he then sent this letter talking about his belief that Mr. Nitz had been dangerous ten years earlier, I mean, he phrased it in the past tense, I think that one can only speculate without the benefit of an evidentiary hearing as to what he meant by that statement. And I think that the possibility that this trial involved a juror who had a bias and predisposition and did not disclose that is a constitutional claim that should be heard on the merits with the opportunity to present evidence on that matter. Or through questioning a juror or perhaps other jurors who deliberated with him. So that is why I believe the appropriate vehicle here is a second petition. And I would ask that this court reverse the finding of the circuit judge, who again based his ruling on race-judicata when he denied the motion for Lief to file a second petition. And I thank you for your time. Thank you, counsel. Counsel? Can I please report? First of all, we did talk about two issues in our brief. And the first one being that trial counsel was not effective. He could not possibly have raised this issue on the motion to, on the post-trial motion or the motion to reconsider the post-trial motion. The record shows that the verdict came down April 22nd, 1998. The post-trial motion was filed May 22nd, 1998. The judge that was denied and sentencing on July 29th, the sentencing judge stated at that time that he believed the defendant was dangerous when he murdered Mr. Miley and is still dangerous. That was reported in the news. And then on August 5th is when this jury foreman wrote the letter to the judge stating that he too believed that the defendant was dangerous then and is now. The defendant's motion to modify, sentence, and reconsider the post-trial motion was filed after that on August 26th. But as we pointed out in our brief, that letter wasn't given to Judge Speroni. There's no indication that anybody was aware of that. And in fact, at the motion to reconsider hearing, both the state and defense counsel said there was nothing new in the record for them to bring up. So that's a very clear indication that they weren't aware of this letter at all. The second issue that we talked about was whether Ray's judicata was a proper ruling given the Supreme Court's ruling on this. Now, it's got a long history, and I'm not going to go through it all again for you specifically except to set out just the dates so you can see clearly what's going on. In 2001, this court issued its opinion in which it found that the juror's letter was just parroting the judge's statement. That didn't mean that he thought back in 1988 that this defendant was dangerous, but that he thought that he believes that he was dangerous at the time the murder committed. Then the post-conviction petition was dismissed in 2002. In 2003 is when the Supreme Court issued a supervisory order asking this court to vacate its opinion and reconsider in light of cases having to do with the pending, nothing to do with this issue. Then in 2004, this court reissued its opinion. The same language with regard to this juror's letter was reiterated. The defendant's post-conviction petition issues were ruled then to be Ray's judicata, in which petition he did raise this very issue, and it was dismissed. Then the Supreme Court in 2006 ruled and affirmed the decision of the trial court and the appellate court specifically as to the questions that were raised in defendants' cross appeal. That's where this issue was raised to the Supreme Court. It's interesting that in the Supreme Court, in his request for cross appeal, the remedy that he requested at that time was an alternative remedy to have it remanded to the circuit court for an evidentiary hearing. The court obviously determined that what this court did was good and proper because that was affirmed by the Supreme Court. So that ruling still stands and is still good as far as Ray's judicata as to this. So you disagree with the defendant's argument that the Supreme Court's decision supersedes our decision? I do. I do. I think it affirmed this court's decision and it did so expressly. The Fifth District decided the issue on the merits and said there was no juror bias in effect. But then the Supreme Court said, well, we're not going to breach the merits of the issue because it was defaulted. So isn't that a different decision? I don't think so. I think what it is, and there aren't any cases specifically addressing this type of situation. Let me, and I'm sorry, but I'm thinking, better get this out while I'm thinking of it. Okay. But by saying that, isn't the Supreme Court in effect saying the Fifth District shouldn't have breached the merits because it was defaulted? I think if the Supreme Court meant that, it would have said that. And I think that's I don't have to say that about a lot of court decisions, including ours. I don't have to say that about legislating things. I think the fact that the Supreme Court didn't say the Fifth District shouldn't have breached this. They just merely said, we're not going to. We're not going to breach this. But we affirmed What other grounds? We affirmed the appellate court specifically with the issues that the defendant raised on cross-appeal. And that's one of the issues that he raised. So this court was affirmed by the Supreme Court. So I think, and I also think it's important, it's interesting that the Supreme Court, when it was talking about this juror's letter, before it went into the procedural default language, it stated that Master's letter echoed the comments of the trial judge in sentencing. So I think that was a recognition, even though it wasn't ruling on the merits, that was a recognition of what it thought of it. And that's in the opinion. So I think it's dicta, yes, I agree. But it's there. Let's see. I also think the fact that the Supreme Court in Medina has recognized that procedural default is applicable and doesn't deny the appellate court of jurisdiction. It just simply bars parties from raising things. Well, in this case, he raised it, and this court decided it didn't have to, but it did, but it wasn't prohibited from doing that. So I think that because of prior precedent, recognizing that principle, that then the fact that the Supreme Court chose not to doesn't mean that this court should not have. And I don't think that the existence of those prior cases that set out that the courts have a prerogative to consider those things if they want to, I think then goes against any idea that it superseded. So we would ask that this court affirm the denial of the motion to file a petition, a successive petition. Are there any other questions? I don't believe there are. Okay, thank you. Thank you, counsel. Counsel? I think we could probably go back and forth for a long time about what the Supreme Court meant versus what they said or whether there's a conflict, but what I'd like to emphasize in my time is the state's contention that the defendant couldn't have raised this in post-trial motions. Because if that's true, then there's no basis for the ineffectiveness claim that Mr. Nitz is seeking to bring to the circuit court in the second PC. And I think there they've just misread the record. The common law record at page 33, RRRRTTTTUUUU, on those three pages, Judge Speroni set forth the fact that he was telling the trial attorney, Mr. O'Gara, he was giving him this letter. And the Supreme Court describes that in their opinion at page 997 of 848 Northeast 2nd. On August 10, 1998, quoting from the Supreme Court opinion, the court received Master's letter and entered it into the record. Defendant had the opportunity to raise Master's letter when he renewed his post-trial motion or when the court argued on that motion. He did not do so and thus deprived the trial court of the opportunity to rule on whether the evidence was admissible. Accordingly, we will not consider it on appeal. Now, in terms of whether you can construe the Supreme Court opinion as affirming everything that this court did, I think you need to look at their treatment of the other issue, specifically the other juror who was the subject of a post-trial motion by the defense. There was a second juror who came forward and said, you know, people were talking about the fact that Mr. Nitz had been convicted before and so forth, and people put pressure on me and so forth and so on, and she submitted an affidavit to that effect. And the defense attorneys presented that in their post-trial motion. The court denied it, but if you look at the Supreme Court opinion, they go through the facts of that allegation and they do a legal analysis of whether the defendant was entitled to a hearing on this juror's reporting of other jurors' misconduct. And basically, they felt that this would have been impeaching the verdict, this is deliberations, and we don't get into those. So contrast that to saying we're not going to consider this issue about the letter that was sent to the judge. I don't think you can find that the Supreme Court opinion is an affirmance of this court's ruling on the merits. And the overriding problem in terms of Mr. Nitz's opportunity to ever get a ruling on this ineffectiveness claim, which is his only way to get around the procedural default that the Supreme Court identified, is in effect. And that's the second petition, because while he has a constitutional claim here, I would submit, he won't be able to take that to federal habeas if he chooses to do that because of the posture of the case in the state courts, where the highest court in the state, the last court to look at it, said this issue was defaulted. So if the case goes to habeas, the attorney general of our state will be arguing that no federal court can consider this claim about this juror because the state's highest court found it was defaulted. And he's not going to be able to say, well, wait a minute, years before that, the appellate court gave me a ruling on the merits. That ruling, I would submit, doesn't stand for anything. And for that reason, I would ask that this court consider the impediment that he faced in terms of bringing this to get reviewed and the prejudice that ensued, and would ask you to review the circuit court's decision and to remand this for further proceedings. Thank you. Thank you, counsel. We appreciate the briefs and arguments of counsel.